IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD LEE GORDON, :
:
    Petitioner. :
:
vs. : CIVIL ACTION 13-0523-CB-M
:
CHRISTOPHER GORDY, :
:
    Respondent. :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and that this action be dismissed. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first degree assault in the Mobile County Circuit Court on March 22, 2012 for which he received a split sentence of twenty years, five to be served in

1

the state penitentiary[1] (Doc. 4). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 6, Exhibit D); a Certificate of Judgment was entered on October 2, 2012 (Doc. 6, Exhibit E). Gordon subsequently filed an application for rehearing that was stricken as it was untimely filed (Doc. 6, Exhibit F).

Petitioner filed a State Rule 32 petition that was denied on May 23, 2013 (Doc. 6, Exhibit I). Gordon did not appeal the denial of his Rule 32 petition (Doc. 4, pp. 5-6).

Petitioner filed a complaint with this Court on October 28, 2013,[2] raising the following claims: (1) His trial attorney rendered ineffective assistance; (2) there was insufficient evidence to convict him; and (3) his sentence was unconstitutional (Doc. 4).[3]

Respondent claims that Petitioner has procedurally defaulted on each of the claims raised. The Court notes that Petitioner sought rehearing by the Alabama Court of Criminal

---

[1] Petitioner was also convicted of possession of a firearm without a permit for which he was sentenced to six months in the Mobile County jail, to be served concurrently with the other sentence (*see* Doc. 6, p. 2; *see also* Doc. 4, p. 1).

[2] Petitioner began this action by filing a State Rule 32 petition with this Court (Doc. 1). Because the petition was not on this Court's form, Gordon was instructed to refile his petition on the appropriate forms (Doc. 3).

[3] Petitioner has also asserted that he is not being provided proper medical treatment in prison (Doc. 4, p. 8). This claim is not properly brought in this type of action; it should be filed in an

2

Appeals on direct appeal; that petition was struck because it was untimely (Doc. 6, Exhibit F). Furthermore, Gordon did not seek *certiorari* before the Alabama Supreme Court on direct appeal. In his direct appeal, Petitioner had challenged the sufficiency of the evidence used to convict him (claim two in this action).

It is further noted that Petitioner did not pursue his claims raised in his Rule 32 petition at any level beyond the Circuit Court. In his Rule 32 petition, Gordon raised the claims that his attorney rendered ineffective assistance (claim one in this action) and that his sentence was improper (claim three in this action).

Because Petitioner did not pursue his claims in a timely fashion before the Alabama appellate courts, they are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

However, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

---

action under 42 U.S.C. § 1983.

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 45 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Gordon has demonstrated neither cause nor prejudice for failing to raise his claims in a timely manner before all of the State courts (*see* Docs. 8-9). Furthermore, Plaintiff has not shown that this Court's failure to discuss the merit of these three claims will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers all of Gordon's three claims to be procedurally defaulted and the Court will not address their merit.

4

Therefore, it is recommended that this petition be denied as the claims raised herein are procedurally defaulted and that this action be dismissed. It is further recommended that judgment be entered in favor of Respondent Christopher Gordy and against Petitioner Ronald Lee Gordon.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000). As Gordon has procedurally defaulted on all of his claims, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See*

28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(B); S.D. Ala. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 18th day of March, 2014.


                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE